# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TOMMY CARL MELTON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 2:25-cv-00024** |
| **v.** | ) | **Judge Frensley** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **COMMISSIONER OF THE SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

This is a civil action filed pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Supplemental Security Insurance ("SSI"), as provided under Title XVI of the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket No. 12. Plaintiff has filed a proposed order and an accompanying Memorandum. Docket Nos. 12-1, 12-2. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 14. Plaintiff has filed a Reply. Docket No. 15.

For the reasons stated below, Plaintiff's Motion for Judgment on the Administrative Record (Docket No. 12) is **DENIED**, and the decision of the Commissioner is **AFFIRMED**.

## I. INTRODUCTION

Plaintiff filed his application for Supplemental Security Income ("SSI") on July 25, 2022, alleging that he had been disabled since July 1, 2018, due to heart problem, high blood pressure, atrial fibrillation, restless leg syndrome, carpal tunnel, acid reflux, allergies, depression, and anxiety.

Docket No. 11, Attachment ("TR"), TR 47-52. Plaintiff's application was denied both initially (TR 67-71) and upon reconsideration (TR 80-83). Plaintiff subsequently requested (TR 87) and received (TR 26-41) a hearing. Plaintiff's hearing was conducted on March 26, 2024, by Administrative Law Judge ("ALJ") Emily Y. Howard. TR 26. Plaintiff and vocational expert ("VE"), Jack Patton, appeared and testified. *Id.*

On May 20, 2024, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 10-20. Specifically, the ALJ made the following findings of fact:

1.  The claimant has not engaged in substantial gainful activity since July 25, 2022, the application date (20 CFR 416.971 *et seq.*).

2.  The claimant has the following severe impairments: asthma and chronic obstructive pulmonary disease (COPD) (20 CFR 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant is limited to lifting and/or carrying 50 pounds occasionally and 25 pounds frequently; he can frequently climb ramps or stairs; he can frequently balance, stoop, kneel, crouch, crawl and climb ladders, ropes, or scaffolds; and should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation.

5.  The claimant is capable of performing past relevant work as an operating engineer as actually and as generally performed and a farm machine operator only as actually performed. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6.  The claimant has not been under a disability, as defined in the Social Security Act, since July 25, 2022, the date the application was filed (20 CFR 416.920(f)).

TR 12, 16, 18, 20.

On June 8, 2024, Plaintiff timely filed a request for review of the hearing decision.  TR 166-67.  On February 27, 2025, the Appeals Council issued a letter declining to review the case, thereby rendering the decision of the ALJ the final decision of the Commissioner. TR 1-6. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II.      REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III.      CONCLUSIONS OF LAW

### A.      Standard of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process.  The purpose of this review is to determine: (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision.  *Id.*  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (alteration in original), *quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389 (6th Cir. 1999), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance."  *Bell v.*

*Comm'r of Soc. Sec.,* 105 F.3d 244, 245 (6th Cir. 1996), *citing Consol. Edison Co.*, 305 U.S. at 229; *see also Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389, *citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985), *citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980). Moreover, an ALJ's decision lacks the support of substantial evidence if the ALJ fails to follow agency rules and regulations, "even where the conclusion of the ALJ may be justified based upon the record." *Miller v. Comm'r of Soc. Sec.*, 811 F. 3d 825, 833 (6th Cir. 2016), *citing Gentry v. Comm'r of Soc. Sec.*, 741 F. 3d 708, 722 (6th Cir. 2014) (internal citations omitted); *Cole v. Astrue*, 661 F. 3d 931, 937 (6th Cir. 2011); *Wilson v. Comm'r of Soc. Sec.*, 378 F. 3d 541, 544 (6th Cir. 2004); *accord Goppert v. Berryhill*, No. 3:16-cv-02739, 2018 WL 513435, at *4 (M.D. Tenn. Jan. 23, 2018) (Report and Recommendation adopted Mar. 1, 2018, 2018 WL 138533).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnoses and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

**B.      Proceedings at the Administrative Level**

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his

or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. §423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process summarized as follows:

(1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.

(2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.

(3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[1] or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.

(4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a prima facie case of disability.

(5) The burden then shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

*See, e.g.,* 20 CFR §§404.1520, 416.920. *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th

---

[1] The Listing of Impairments is found at 20 CFR §404, Subpt. P, App. 1.

Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. *Moon*, 923 F.2d at 1181; 20 CFR §404, Subpt. P, App. 2, Rule 200.00(e)(1), (2). *See also Damron v. Sec'y of Health & Human Servs.*, 778 F. 2d 279, 281-82 (6th Cir. 1985). Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's prima facie case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Sec'y of Health & Human Servs.*, 820 F. 2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments: mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §423(d)(2)(B).

### C.     Plaintiff's Statement of Errors

Plaintiff contends that the ALJ erred under 20 C.F.R. § 416.920c in evaluating the medical opinion of the consultative examiner, Dr. Leveck. Docket No. 12-2, p. 10-13. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. §405(g), the Commissioner's decision should be reversed and the case remanded for a new hearing. *Id.* at 14.

Sentence four of §405(g) states as follows:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

6

Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934-35 (6th Cir. 2018), *citing Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

### 1.      Evaluation of Dr. Leveck's Medical Opinion

Plaintiff maintains that the ALJ failed to sufficiently evaluate the opinion of the examining physician Terrance Leveck, M.D., who found that the Plaintiff could lift 10 pounds occasionally and stand/walk for 8 hours total with 5-minute breaks every 50 minutes. Docket No. 12-2, p. 10. Plaintiff contends that the ALJ failed to adequately explain why she found Dr. Leveck's opinion unpersuasive and failed to adequately address the opinion's supportability and consistency to the standard required by 20 C.F.R § 416.920c. *Id.* at 10-13. Plaintiff argues that the ALJ failed to cite specific findings and neglected to discuss relevant medical records. *Id.*

Defendant responds that the ALJ properly evaluated the Plaintiff's disability claim. Docket No. 14, p. 10. Defendant argues that "an ALJ's factual findings are conclusive if supported by 'substantial evidence.'" *Id.* at 2 (citation modified). Defendant argues that the substantial-evidence standard affords the ALJ considerable discretion within the permissible "zone of choice" to reach a reasonable conclusion without judicial interference. *Id.* at 3. Accordingly, Defendant maintains that

even where contrary evidence exists in the record, "the Court should affirm the ALJ's decision so long as there is evidence reasonably supporting the ALJ's conclusion." *Id.* Defendant further contends that, after carefully considering the entire record, the ALJ reasonably concluded that the Plaintiff's allegedly disabling symptoms were not fully supported by the evidence, relying on Plaintiff's medical treatment, other objective medical evidence, and opinion evidence, including VE testimony that Plaintiff could perform his past relevant work. *Id.* at 4. Furthermore, Defendant avers that the ALJ properly determined that Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of medium work after considering the Plaintiff's subjective complaints, opinion evidence, Plaintiff's medical treatment, and additional medical evidence of record. *Id.* at 4-5. Defendant also argues that the ALJ properly found Dr. Leveck's opinion unpersuasive after considering both its supportability and consistency. *Id.* at 7-8. Although the ALJ did not identify the specific findings that did not support Dr. Leveck's opinion, Defendant maintains that the ALJ's analysis is nevertheless supported by substantial evidence in the record. *Id*. Defendant further contends that the ALJ reasonably concluded that Dr. Leveck's proposed limitations were inconsistent with the medical evidence of record as "the imaging showed no acute cardiopulmonary process and had normal pulmonary function testing." *Id.* at 8, *citing* TR 17, 456-58, 510, 546, 561, 565, 614-15, 632, 677. Defendant maintains that the Court's role is limited to determining whether the Commissioner's decision is supported by substantial evidence and that a claimant's alternative interpretation of the record does not tender the ALJ's assessment outside the permissible "zone of choice." *Id.* at 9.

Plaintiff replies that substantial evidence does not support ALJ's evaluation because *post hoc* rationalizations for an ALJ's decision are impermissible and the ALJ failed to adequately articulate why Dr. Leveck's opinion was unsupported by or inconsistent with the record. Docket No. 14, p. 1-

8

5.

On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. *See also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). These final rules revised the policies for claims filed on or after March 27, 2017, and set forth the rules for evaluating opinion evidence (both medical and nonmedical). 20 C.F.R. §§ 404.1527, 416.927. *See* "Revisions to Rule Regarding the Evaluation of Medical Evidence," available at *https://www.ssa.gov/disability/professionals/bluebook/revisions -- rules.html.* Plaintiff filed his application after March 27, 2017. TR 168-170. As such, Plaintiff's case is governed by the rules that were implemented on March 27, 2017. *See* 20 C.F.R. § 404.614 (generally, an application for benefits is deemed filed on the day it is received by an SSA employee). The new regulations provide as follows:

> **(a) How we consider medical opinions and prior administrative medical findings.** We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative findings(s), including those from your medical sources. When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in *paragraphs (c)(1) through (c)(5)* of this section, as appropriate. The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (*paragraph (c)(1)* of this section and consistency (*paragraph (c)(2)* . . . .
>
> **(b) How we articulate our consideration of medical opinions and prior administrative medical findings.** We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record. Our articulation requirements are as follows:
>
>> **(1) Source-level articulation.** Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the

factors for all of the medical opinions and prior administrative medical findings in your case record. Instead, when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in *paragraphs (c)(1) through (c)(5)* of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually.

**(2) Most important factors.** The factors of supportability (*paragraph (c)(1)* of this section) and consistency (*paragraph (c)(2)* of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative findings in your determination or decision. We may, but are not required to, explain how we considered the factors in *paragraphs (c)(3) through (c)(5)* of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record.

**(3) Equally persuasive medical opinions or prior administrative medical findings about the same issue.** When we find that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported (*paragraph (c)(1)* of this section) and consistent with the record (*paragraph (c)(2)* of this section) but are not exactly the same, we will articulate how we considered the other most persuasive factors in *paragraphs (c)(3) through (c)(5)* of this section for those medical opinions or prior administrative medical findings in your determination or decision.

**(c) Factors.** We will consider the following factors when we consider the medical opinion(s) and prior administrative medical finding(s) in your case;

**(1) Supportability.** The more relevant the objective medical evidence and explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

**(2) Consistency.** The more consistent a medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

10

**(3)  Relationship with the claimant.**  This factor combines consideration of the issues in *paragraphs (c)(3)(i) through (v)* of this section.

> **(i)  Length of the treatment relationship.**  The length of time a medical source has treated you may help demonstrate whether the medical source has a longitudinal understanding of your impairment(s).

> **(ii)  Frequency of examinations.**  The frequency of your visits with the medical source may help demonstrate whether the medical source has a longitudinal understanding of your impairment(s).

> **(iii)  Purpose of the treatment relationship.**  The purpose for treatment you received from the medical source may help demonstrate the level of knowledge the medical source has of your impairment(s).

> **(iv)  Extent of the treatment relationship.**  The kinds and extent of examinations and testing the medical source has performed or ordered from specialists or independent laboratories may help demonstrate the level of knowledge the medical source has of your impairment(s).

> **(v) Examining relationship.**  A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder.

**(4)  Specialization.**  The medical opinion or prior administrative medical finding of a medical source who has received advanced education and training to become a specialist may be more persuasive about medical issues related to his or her area of specialty than the medical opinion or prior administrative medical finding of a medical source who is not a specialist in the relevant area of specialty.

**(5)  Other factors.**  We will consider other factors that tend to support or contradict a medical opinion or prior administrative medical finding.  This includes, but is not limited to, evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements.  When we consider a medical source's familiarity with the other evidence in a claim, we will also consider whether new evidence we receive after the medical source made his

11

or her medical opinion or prior administrative medical finding makes the medical opinion or prior administrative medical finding more or less persuasive.

**(d)  Evidence from nonmedical sources.**  We are not required to articulate how we considered evidence from nonmedical sources using the requirements in *paragraphs (a)-(c)* in this section.

20 C.F.R. § 404.1520c.

Dr. Leveck examined Plaintiff on June 26, 2023.  TR 470.  On June 30, 2023, Dr. Leveck provided a statement letter regarding Plaintiff:

Physical Examination:

Vital Signs: Height 68 inches. Weight 220 lbs without shoes. Blood pressure 150/90 see allegation number 1, pulse 78, respiratory 16. Vision without correction: 20/16 OD, 20/20 OS and 20/16 OU.

General Appearance: Alert, in no acute distress. Moderately obese. Well-kempt. No handheld assistive devices brought to the evaluation.

Respiratory: Breath sounds clear and equal bilaterally. No retraction of the suprasternal notch and no acute respiratory distress during the evaluation. Mild clubbing in the digits of both hands.

Cardiovascular: Regular rhythm without murmur or gallop. No jugular venous distention.

Neurologic: Mental status grossly normal. Follows commands briskly and appropriately. Grip and pinch strength 5/5 bilaterally. Ankle dorsi and plantarflexion strength 5/5 bilaterally.

Musculoskeletal: Cervical spine flexion normal, extension 30 degrees. Admits to his neck being "stiff", rotation 40 degrees bilaterally. Shoulder forward elevation 140 degrees bilaterally. Full flexion and extension of wrist and elbows. Inspection of the hands reveals mild deformity of the right third and fifth digits secondary to remote fractures. Full grip formation bilaterally. Full opposition at both thumbs to the pads of the fifth digits. Tinel's testing negative bilaterally. Full dorsi and plantarflexion of both ankles. Knee flexion 80 degrees right and 100 degrees left and lack 15 degrees of full extension in the sitting position bilaterally. Knee flexion 80 degrees right and 100 degrees left and lack 15 degrees of full extension in the sitting position bilaterally. Full extension when standing. Crepitus of the right knee without effusions. Hip straight leg raising negative bilaterally. Hip flexion 80 degrees

12

right and 100 degrees left.

Thoracolumbar Spine: Flexion 80 degrees, extension 20 degrees and lateral flexion 20 degrees right and 15 degrees left. Normal station, standard gait, and tandem gait. Perform heel walk with mild difficulty, was unable to perform toe walk. Could stand independently on each lower extremity without difficulty and could squat one-third of the way to the floor, went from sitting on a chair to sitting on the examination table without difficulty.

Diagnoses:

1. Incompletely controlled hypertension.
2. Paroxysmal atrial fibrillation occurs briefly a few times a month associated with generalized weakness and lightheadedness. The claimant is on 81 mg of aspirin but will investigate with his pulmonologist whether he should be on additional anticoagulation.
3. Asthma and COPD with unremarkable pulmonary function testing. Multiple uses of rescue inhaler daily. Mild clubbing on today's evaluation.
4. History of bilateral carpal tunnel syndrome surgery with unremarkable evaluation today.

Assessment:

The claimant could stand and walk for eight hours out of eight with five-minute breaks every 50 minutes and lift 10 pounds occasionally with limitation due to his dyspnea on exertion. He could sit for eight hours out of eight and fine motor function is intact.

TR 471-72.

When discussing Dr. Leveck's letter, the ALJ stated:

The consultative examiner, Terrence Leveck, M.D., opined that the claimant could stand and walk for eight hours out of eight with five-minute breaks every 50 minutes and lift 10 pounds occasionally with limitation due to his dyspnea on exertion. He could sit for eight hours out of eight and fine motor function is intact (Exhibit 7F, p. 4).

TR 17.

Ultimately, the ALJ discounted Dr. Leveck's opinion, stating:

Dr. Leveck's opinion is not persuasive. His opinion is not supported by his examination and evaluation of the claimant, and it is not consistent with the medical evidence of record as the claimant's imaging shows no acute cardiopulmonary

process and has had pulmonary function tests that were interpreted as normal (Exhibit 6F, pgs. 3-8; Exhibit 10F, p. 26; Exhibit 11F, p. 36; Exhibit 12F, pgs. 3, 47-48, 65, 110).

*Id.*

As the new regulation states, the ALJ will not defer or give any specific evidentiary weight to any medical opinion, even a treating source. *20 CFR § 404,1520c(a)*. In discounting Dr. Leveck's opinion, the ALJ discussed the relevant factors, set forth above. *See 20 CFR § 404.1520c(c)(1) – (c)(5)*. Specifically, the ALJ found that Dr. Leveck's opinion was not supported by his treatment records or the objective medical evidence and was inconsistent with Plaintiff's medical record**.** TR 17. The ALJ fulfilled her duty under the new regulations and properly evaluated the opinion of Dr. Leveck.

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389 (6th Cir. 1999), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.,* 105 F. 3d 244, 245 (6th Cir. 1996), *citing Consol. Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938); *see also Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F. 2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the ALJ's decision must stand if substantial evidence supports the conclusion reached. *Her*, 203 F. 3d at 389, *citing Key v. Callahan*, 109 F. 3d 270, 273 (6th Cir. 1997). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Sec'y of Health & Human Servs.*, 753 F. 2d 517, 519 (6th Cir. 1985), *citing*

*Allen v. Califano,* 613 F. 2d 139, 145 (6th Cir. 1980).

As has been demonstrated in the statement of error above, the record here is replete with doctors' evaluations, medical assessments, test results, and the like, all of which were properly considered by the ALJ, and all of which constitute substantial evidence. Additionally, the ALJ's decision demonstrates that she carefully considered the testimony of both Plaintiff and the VE. While it is true that some of the testimony and evidence supports Plaintiff's allegations of disability, it is also true that much of the evidence supports the ALJ's determination that the Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. *See* TR 12-20. Because substantial evidence supports the ALJ's determination that the Plaintiff was not disabled within the meaning of the Social Security Act and Regulations, the ALJ's decision must stand.

### IV.    CONCLUSION

For the reasons stated below, Plaintiff's Motion for Judgment on the Administrative Record (Docket No. 12) is **DENIED**, and the decision of the Commissioner is **AFFIRMED**.


_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

15